**SO ORDERED: November 15, 2005.**

_____
**James K. Coachys**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT LAWSON, JR., | ) | Case No. 04-19580-JKC-7 |
| and AMY SUE LAWSON, | ) | |
| | ) | |
| Debtors. | ) | |

### ORDER GRANTING TRUSTEE'S MOTION FOR TURNOVER

This matter came before Trustee Paul D. Gresk's Second Motion for Turnover against Debtor Robert Lawson, Jr., and Amy Sue Lawson (the "Debtors"). For the reasons stated below, the Court grants the Motion.

The undisputed facts show that when the bankruptcy petition was filed on October 21, 2004, Mrs. Lawson was employed by Eli Lilly & Co., Inc. ("Lilly") and participated in the "Eli Lilly and Company Bonus Plan" (the "Bonus Plan"). Pursuant to the Bonus Plan, Mrs. Lawson received a bonus of $2,559.32 that was paid during the first quarter of 2005 for work that she performed in 2004 (the "Bonus"). Payment of the Bonus was contingent on (1) Lilly's sales growth for the year and earnings per share growth; (2) her individual performance as measured against Lilly's bonus

target for her pay grade level; and (3) her continued employment at Lilly through December 31, 2004.

The Debtors did not disclose the Bonus as property of the estate in their Schedules or Amended Schedules. The Trustee became aware of the Bonus upon reviewing Mrs. Lawson's November 30, 2004 pay stub, which indicated "current bonus eligible earnings" in the amount of $2,205.00. The Trustee now seeks to recover 294/365, or $2,061.48, of the Bonus, i.e., the amount "earned" by Mrs. Lawson in 2004 prior to the petition date.

The dispositive issue raised by the Trustee's motion is whether the Bonus is property of the estate pursuant to § 541(a) of the Bankruptcy Code. Clearly, at the time the bankruptcy petition was filed, Mrs. Lawson's interest in the Bonus was "contingent" on, among other things, her continued employment at Lilly until December 31, 2004. The Seventh Circuit has not specifically addressed these particular facts. However, in *In the Matter of Yonikus*, 996 F.2d 866 (7th Cir. 1993), the Court stated:

> When a bankruptcy petition is filed, virtually all property of the debtor at that time becomes property of the bankruptcy estate. Section 541 of the Bankruptcy Code defines "property of the estate" broadly to include all of the debtor's interests, legal and equitable. *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 204-05 and nn. 8, 9, 103 S.Ct. 2309, 2313 and nn. 8, 9, 76 L.Ed.2d 515 (1983). "[T]he term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." *Segal v. Rochelle,* 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966) (bankruptcy estate includes right to refund). A debtor's contingent interest in future income has consistently been found to be property of the bankruptcy estate. *See In re Neuton*, 922 F.2d 1379, 1382-83 (9th Cir.1990) (collecting cases). *In fact, every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of* § 541. *In re Anderson,* 128 B.R. 850, 853 (D.R.I.1991) (citations omitted).

*Id.* at 869 (italics added) (footnote omitted). The court's expansive definition of "property of the estate" is consistent with § 541(a)'s legislative history, which reveals that the statute was intended

to "bring anything of value that the debtors have into the estate." H.R.Rep. No. 95-595, at 176 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6136.

Based on *Yonikus*, the Court must conclude that the Bonus, or at least a portion thereof, is property of the estate. *See, e.g., In re Booth*, 260 B.R. 281, 287 (6th Cir. BAP 2001) ("[T]he array of circumstances in which the cases have held that a contingent interest is property of the estate is extensive" and "uniform."); *In re Edmonds*, 260 B.R. 281, 287 (6th Cir. BAP 2001) (collecting cases) (holding that profit sharing payment was "sufficiently rooted in the prebankruptcy past" so as to be included as property of the estate.); *In re Allen*, 226 B.R. 857, 862-863 (Bankr.N.D.Ill.1998) (also collecting cases).

Having concluded that at least a portion of the Bonus is property of the estate, the Court must now determine how much of the Bonus the Debtors are required to turnover to the Trustee. The Trustee requests turnover of 294/365 of the Bonus–the amount allegedly attributable to Mrs. Lawson's prepetition earnings for 2004. In response, the Debtors argue that the Bonus should be "discounted" because its payment was contingent: "Assuming, *arguendo*, that some fictional buyer of bonus-right contingencies existed, no such buyer would pay exactly $2061.48 of the Debtor's $2,559.32 bonus over three months later, given the contingencies that such a bonus might not be paid at all." The Debtors do not, however, suggest what discount should be applied.

In the Court's opinion, the Trustee's approach to valuation is the correct one, especially in light of the 6th Circuit BAP's logic that a contingent interest is property of the estate if it is sufficiently grounded in pre-bankruptcy activity. *See Edmonds*, 260 B.R. at 287. Mrs. Lawson's

3

November 30th pay stub[1] suggests that funds through the Bonus Plan accumulated evenly, or almost evenly, throughout the year. Significantly, the Debtors have not argued that the Bonus is disproportionately based on Mrs. Lawson's postpetition services to Lilly. *See Booth*, 266 B.R. at 113 ("[I]f it can be clearly shown that the receipt of profit-sharing award is in a greater proportion based upon the rendition of postpetition services, then any proceeds received for such postpetition services will be excluded from the debtor's bankruptcy estate.").

The Court does, however, take issue with the Trustee's calculation. The year 2004 was a leap year and, thus, 294/366,[2] or $2,062.84, of the Bonus is the correct pro-rata figure. The Debtors are ordered to turn over that amount to the Trustee within 30 days.

###

Distribution:

Paul D. Gresk
Mark S. Zuckerberg
UST
Debtors

---

[1] The Court has not actually seen the pay stub and, therefore, cannot determine the exact "year- to-date" period that it covers.

[2] The period from January 1st to and including October 20th equals 294 days.